```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                Plaintiff,
     vs.                                Case No. 11-40021-01-RDR

LEPOLEON REDMOND III,

                Defendant.
_____
```

### O R D E R

On September 30, 2011, the court sentenced the defendant. The purpose of this order is to memorialize the court's decision.

The defendant entered a guilty plea to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g). The parties filed no objections to the presentence report. The defendant's total offense level is 21 and his criminal history category is II. The defendant's guideline range is 41 to 51 months.

The defendant filed a sentencing memorandum and the government responded to it. In the sentencing memorandum, the defendant argued that the court should depart downward based upon U.S.S.G. § 5K2.10, which provides as follows: "If the victim's wrongful conduct contributed significantly to provoking the offense behavior, the court may reduce the sentence below the guideline range to reflect the nature and circumstances of the offense." The defendant suggested that a four-level departure was appropriate.

In the alternative, the defendant contended that the court should grant a downward variance from the guideline range and impose a sentence of 30 months. The defendant argued that an evaluation of the factors set forth in 18 U.S.C. § 3553(a) indicated that a sentence of 30 months would be appropriate. The government countered that neither a downward departure nor a variance was appropriate under the circumstances in this case.

The charge in this case arose after a dispute between the defendant and Jakeem Coopwood. The defendant shot Coopwood after Coopwood approached him. The defendant has indicated that he believed that Coopwood was intoxicated and armed, although he did not see a firearm.

Having carefully reviewed all of the evidence and argument, the court determined that a downward departure was not appropriate. The court understood that it had the power to depart downward under U.S.S.G. § 5K2.10, but it was not persuaded that a departure was proper. The actions of Coopwood had some impact upon the actions of the defendant, but the court believed that the defendant overreacted in his use of potentially deadly force. The court was not convinced that Coopwood's actions "contributed significantly" to provoking the defendant's behavior. The defendant had other options. He was not provoked into responding with a firearm. Accordingly, the court denied a downward departure based upon the victim's misconduct.

In turning to the arguments made by the defendant concerning variance, the court carefully consulted the application of the guidelines and took them into account.  The court decided that the appropriate sentence for this case is 36 months.  The court believed that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public.  Further, the court believed that this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.  Finally, the court considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct.

**IT IS SO ORDERED.**

Dated this 5th day of October, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge